IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| v. | : | **Case No. MJM-22-0140** |
| | : | |
| **DENNIS HAIRSTON** | : | |
| | : | |
| Defendant | : | |

**JOINT DEFENSE MOTION IN LIMINE TO GRANT DEFENDANTS ADDITIONAL PEREMPTORY CHALLENGES AND TO ALLOW DEFENDANTS TO EXERCISE PEREMPTORY CHALLENGES SEPARATELY**

Dennis Hairston, through undersigned counsel, hereby moves this Honorable Court pursuant to Rule 24(b) of the Federal Rules of Criminal Procedure to grant Mr. Hairston and co-defendant Donte Stanley ten peremptory challenges each and to permit each defendant to exercise his strikes separately. Counsel for Donte Stanley joins this motion.

In support whereof, Mr. Hairston states as follows:

1. Federal Rule of Criminal Procedure 24(b) provides that "the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year". The rule also grants the trial judge discretion to "allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." *Id, see also United States v. Meredith*, 824 F.2d 1418 (holding that Rule 24(b) grants the trial court discretion as to granting additional peremptory challenges in a multi-defendant trial). *See also United States v. Maldonado-Rivera*, 922 F.2d 934, 971 (2d Cir. 1990) (no abuse of discretion in granting 8 preemptory challenges to each defendant); *United States v. Farmer*, 924 F.2d 647, 653 (7th Cir. 1991) (no abuse of discretion in granting 2 extra preemptory challenges to each defendant)

2. In this case, the Court should grant each defendant ten peremptory challenges to use independently from one another. Mr. Hairston and Mr. Stanley, if convicted of all counts

after trial, are both facing potential life sentences. Although the Court has denied severance, Mr. Hairston and Mr. Stanley may still pursue different or conflicting trial strategies. As a result, each defense team may identify different jurors to strike. Requiring each defendant to share peremptory challenges would hobble each Mr. Hairston and Mr. Stanley's ability to challenge specific jurors as one defendant may insist on keeping a juror the other would strike.

**WHEREFORE**, Mr. Hairston moves that this Court grant each defendant seven peremptory challenges to use separately.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely (#16407)
Sasha Garcon (#817494)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Email: andrew_szekely@fd.org
             sasha_garcon@fd.org