IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No.: BAH-22-0140 |
| **DONTE STANLEY** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OJECTION TO COURT'S SECONDARY SCREENING ORDER**

Comes now the defendant herein, Donte Stanley, through undersigned counsel, and hereby objects to the Court's *sua sponte* secondary screening order. In support thereof, Defendant states:

1. In ECF 170 this Court Ordered, *sua sponte*, that no person may possess any cellular telephones as well as smart watches, laptops and tablets in the Courtroom during trial. Said Order does not apply to "employees of state and federal law enforcement agencies." The Court cited no caselaw, statute or even a local rule in support of the Order.

2. Defendant Stanley objects to this Order. The Sixth Amendment affords defendants a right to a public trial, which guarantee "embodies a view … that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings." *Waller v. Georgia*, 467 U.S. 39, 46 n.4 (1984) (quoting *Estes v. Texas*, 381 U.S. 532, 588 (1965) (Harlan, J., concurring)).

3. The public trial (1) "ensure[s] that the judge and prosecutor carry out their duties responsibly," (2) "encourages witnesses to come forward," and (3) "discourages perjury." Id. at 46. Denial of a public trial is a structural error which renders the entire trial process "fundamentally unfair." *Neder v. United States*, 527 U.S. 1, 8

1

(1999). "Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581 (1980). Indeed, "the guarantee has always been recognized as a safeguard against any attempt to employ our courts as instruments of persecution." *In re Oliver*, 333 U.S. 257, 270, 68 S. Ct. 499, 92 L. Ed. 682 (1948).

4. "[N]early three-quarters of smart phone users report being within five feet of their phones most of the time, with 12% admitting that they even use their phones in the shower." *Riley v. California*, 573 U.S. 373, 395, 134 S. Ct. 2473, 2490 (2014).[1] Thus, the Court's Order, which neither party asked for, is likely to have a chilling effect on the public's right to attend this trial.

5. There has been no showing that Mr. Stanley is somehow going to attempt to use a device to undermine justice in the case at bar. There are several less draconian alternatives which the Court has failed to consider such as putting phones and watches on silent, or Ordering that they not be taken out while the jury is present. It is not hard to imagine how the Court's Order may result in prejudice to the Defendant. The beeping outside the courtroom, a juror's spouse coming by to watch and wondering why the extra security is needed are but two (2) of a long line of possibilities. And, simply put, there is nothing on the other side of the scales to justify it.[2]

---

[1] In the 10 years since *Riley,* these numbers can only have increased.

[2] In the draft voir dire the Parties suggested a question of "[w]ould any member of the jury panel be inclined to give either more or less weight to the testimony of a police or law enforcement officer than to any other witness in the case, merely because he/she is a police officer?" ECF 173 at 8. Given that the message is that law enforcement must be treated like any other person appearing at the trial in this matter, should the Court not rescind its secondary screening, it too

WHEREFORE, Defendant moves that the Court rescind its secondary screening Order which is ECF 170.

Respectfully submitted,

/s/
Gary E. Proctor (Bar No. 27936)

/s/
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com
jennsmith0890@gmail.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2024, a copy of this motion was electronically filed with the Clerk of the Court and was served on all parties using CM/ECF system.

/s/
GARY E. PROCTOR

---

should treat law enforcement witnesses with parity and "advise[ law enforcement] not to bring any such electronic devices to the courthouse." ECF 170 at 1.