

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Paul E. Budlow*  *Suite 400*  DIRECT: 410-209-4917
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Paul.Budlow@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3091

May 1, 2024

The Honorable Brendan A. Hurson
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

      Re:    United States v. Dennis Allen Hairston & Donte Davon Stanley
             Case #:  BAH-22-140

Dear Judge Hurson:

      I write on behalf of the United States in response to the Court's April 26, 2024, order regarding electronic devices (Dkt. No. 170), and defendant Donte Stanley's objection to that order (Dkt. No. 174). Stanley's suggestion that the Court's order somehow infringes his Sixth Amendment right to a public trial is erroneous and his objection should be overruled.

      The Court's order is proper. Section 540.30(c) of the Judicial Conference's Guide to Judiciary Policy notes that some courts allow "individuals with a business reason to enter the courthouse (e.g., attorneys, court employees, law enforcement)" to "possess and use [portable communication] devices in the courthouse and courtroom." Guide to Judiciary Policy, Ch. 5, § 540.30(c), *Types of Polices Adopted by Courts on Devices*.[1] The policy plainly contemplates prohibitions on devices by others; indeed, in other courts "possession of devices is strictly limited in the courthouse." *Id*. § 540.30(a). The Court's order is thus an acceptable (and accepted) method to preserve courtroom decorum and order.

      The Court's order does not encroach on Stanley's Sixth Amendment rights, and any suggestion otherwise borders on frivolous. The Sixth Amendment ensures that "the public may see [a defendant] is fairly dealt with and not unjustly condemned," and that "his triers [are kept keenly alive to a sense of their responsibility." *United States v. Malloy*, 40 F.4th 166, 175 (4th Cir. 2022) (internal quotation marks omitted). The Sixth Amendment is implicated where the court orders the closure of the courtroom, in whole or in part. *See United States v. Barronette*, 46 F.4th 177, 193 (4th Cir. 2022). The exclusion of electronic devices from the courtroom is in no way tantamount to a courtroom closure.

---

[1] Available at https://www.uscourts.gov/sites/default/files/guide-vol10-ch05_0.pdf.

Even if the Court's order somehow implicated the Sixth Amendment, it would nonetheless be proper. Assuming *arguendo* that the exclusion of electronic devices constitutes some closure of the courtroom, it is—at most—a *partial* closure of the courtroom. Such closures may be justified by a "substantial reason." *Barronette*, 46 F.4th at 193 (observing the Second, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted the "substantial reason" test in the context of partial courtroom closures). Here, there are multiple substantial reasons for the Court's order: It minimizes disruptions to what is likely to be a lengthy trial and it preserves courtroom decorum. *Id*. at 193 ("Maintaining order is an overriding interest."). Perhaps most significantly, the Court's order prevents individuals from covertly photographing or recording any portion of the proceedings. Such conduct would pose a real risk of witness and jury intimidation—particularly in this case, in which the defendants are accused of violently injuring multiple victims over the course of months. *See id*. (approving district court's "overriding interest[] of . . . preventing witness intimidation"). And Stanley's proposed alternatives to the Court's order—that onlookers be ordered to silence their phones or not use them in the presence of the jury—are virtually unenforceable.

Stanley's objection should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Paul E. Budlow
Spencer L. Todd
Assistant United States Attorneys


Cc:     Counsel for Defendants Hairston & Stanley