IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No.: BAH-22-0140 |
| DONTE STANLEY | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S MOTION TO SEVER

Comes now the defendant herein, Donte Stanley, through undersigned counsel, and hereby moves this Court pursuant to Fed. R. Crim. P. 8 and 14 to sever Mr. Stanley's case for trial from that of his co-defendants, Dennis Hairston, whereby such joinder causes prejudice to this defendant.

### FACTS IN SUPPORT

Defendant Stanley has already filed a motion for severance that was denied by this Court. See ECF 124. This Court denied said motion on April 5, 2024.

Since then co-defendant Dennis Hairston (hereafter "Hairston") has elected to testify in his own defense. During his direct testimony he testified to, *inter alia*, the following:

- That Mr. Stanley sold drugs and was part of his drug trafficking and sale operation. He testified that one (1) letter he sent to Mr. Stanley implored him to go to the Eastern Shore of Maryland to conduct lucrative narcotics transactions. To be clear: while counsel is using the word "drugs," Hairston's testimony ran the gamut from marijuana to cocaine, crack cocaine, percosets and "pills." Notably, there was no evidence of Mr. Stanley being involved in any drug operations at all during the Government's case. Indeed, Franklin Smith denied that Mr. Stanley was in any way involved in the drug business. To the contrary: more than one (1) witness stated that Mr. Stanley had a legitimate source of

1

employment as a painter/body shop owner.  The <u>only</u> testimony that the jury heard concerning Mr. Stanley selling drugs arose from Hairston's testimony.

- The Government has elicited testimony throughout this trial that Hairston and co-defendant Dorsey were involved in a commercial burglary of U.S. Fuel on August 26, 2021.  However, that testimony in no way implicated Mr. Stanley.  Although, admittedly, it was hard to understand the impetus of much of Hairston's testimony, he appeared to envelope Mr. Stanley in the U.S. Fuel commercial burglary.

- Hairston told the jury that he was facing "triple life" on more than one occasion.  Due to the fact that Mr. Stanley is charged in every count that Hairston is, it is inevitable that the jury will glean from that that Mr. Stanley also faces multiple life sentences upon conviction.

- Hairston mentioned Stanley in ways that were in no fashion responsive to the question asked by his counsel, thereby precluding the ability to make timely objections.

- Hairston testified repeatedly that Mr. Stanley was a "life-long friend."  In Hairston acting in the manner he did, his outbursts will be imputed to that of his codefendant.  Indeed, for the first time in more than two (2) weeks of trial, the Court dismissed the jury from the courtroom without defense counsel, the Government or the Defendants present, following Hairston's theatrics.  As such, the signal was sent loudly and clearly that what had just happened was not normal.

**CASELAW**

This Court should grant a severance when:

only if there is a serious risk that a joint trial would compromise a specific trial
right of one of the defendants, or prevent the jury from making a reliable
judgment about guilt or innocence. Such a risk might occur when evidence that
the jury should not consider against a defendant and that would not be admissible

2

> if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.

*Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993).  Moreover, in joint trials "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516, 4 L. Ed. 2d 921, 80 S. Ct. 945 (1960).

It is axiomatic that "[t]here comes a point, however, when it is obvious to the Court that no cautionary jury instructions can protect the right of a defendant to a fair trial and when that occurs, the severance should be granted. In this case, that moment arrived when co-defendant Barr elected to take the stand and open himself to impeachment." *United States v. McAllister*, CRIM. NO. 5:91CR00049(WWE), 1992 U.S. Dist. LEXIS 18500, at *4-5 (D. Conn. Nov. 9, 1992).

This Court's "the primary consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. De Larosa*, 450 F.2d 1057, 1065 (3d Cir. 1971). Mutually antagonistic defenses exist where the acceptance of one defendant's defense is irreconcilable with the defense presented by a codefendant. *United States v. Gilliam*, 334 U.S. App. D.C. 391, 167 F.3d 628, 635 (1999).

**ARGUMENT**

Defendant Stanley's defense is that he was not present at the kidnappings and carjackings and, while he was associated with Messrs. Hairston and Dorsey, he is and was not his brother's keeper.  Hairston's testimony clearly put front and center that he keeps his brother Stanley supplied with illicit substances.  It is one thing to fight the Government head on with

the evidence they have, it is quite another to hear it from a co-defendant with a jury listening on, taking notes.  Moreover, while the Government has discovery obligations: Hairston does not and Stanley had no way to predict the angry diatribe with which he was implicated.

The jury had thus far heard that Stanley worked; they heard from his employer.  They heard from Ms. Alston, the mother of his children.  They saw photos of his body shop.  It was Hairston, for the first time, that implicated him in a separate and uncharged drug conspiracy. Accordingly, Stanley is now at the point wherein he jury will be unable to render a "reliable judgment about guilt or innocence." *Zafiro, id.*.

Proposed jury instruction 97 tells the jury that "Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations." Id.  Hairston telling them that, should Stanley be convicted he will face "triple life" impermissibly casts this instruction aside, and the bell cannot be unrung.

The Government provided no notice that they planned to implicate Mr. Stanley in the U.S. Fuel commercial burglary.  Had they done so: counsel would have moved to exclude.  Hairston, who is subject to no notice requirements vis-à-vis Stanley, implicated his codefendant in it as a *fait accompli.*

Hairston's testimony cannot be compartmentalized.  There is no instruction that can cure what has already occurred.  This Court should grant a severance.

## CONCLUSION

For the foregoing reasons, Mr. Stanley respectfully requests that his trial be severed from that of his co-defendant Dennis Hairston.

Respectfully submitted,

/s/
Gary E. Proctor (Bar No. 27936)

/s/
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com
jennsmith0890@gmail.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2024, a copy of this motion was electronically filed with the Clerk of the Court and was served on all parties using CM/ECF system.

/s/
GARY E. PROCTOR

5