**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
EMAIL: Andrew_Szekely@fd.org

JAMES WYDA  
FEDERAL PUBLIC DEFENDER

ANDREW SZEKELY  
SUPERVISORY ASSISTANT FEDERAL PUBLIC DEFENDER

**FILED UNDER SEAL**

August 12, 2024

The Honorable Brendan A. Hurson
United States District Judge
United States District Court
 for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201
Via CM/ECF

      Re:    *United States v. Dennis Hairston and Donate Stanley*, **BAH-22-140**

Dear Judge Hurson:

We write in response to the Court's July 3, 2024, letter to counsel regarding former Courtroom Deputy (CRD) Yasmine Kelly and her new employment at the U.S. Attorney's Office. As detailed below, we ask the Court to convene a hearing prior to Mr. Hairston's and Mr. Stanley's sentencing hearings to determine whether Ms. Kelly's accepted offer of employment with one of the parties to the case impacted her regular, unmonitored communications with the jury.

Early in the trial, the Court addressed several issues related to jurors' expressing concerns about safety and concerns that some jurors had already formed an opinion regarding guilt or innocence. *See* Letter to All Counsel of Record, ECF No. 207. In response, counsel for both defendants moved for a mistrial, and in the alternative asked the Court to conduct an inquiry of the jurors to determine if improper juror bias existed. *See* Motion for Mistrial, ECF No. 208. The Court denied the motion for mistrial and engaged in a briefer, less probing inquiry of the jurors than counsel requested.

At the time these issues arose, nobody other than Ms. Kelly was aware she had a tentative job offer with one of the parties to the case. Had the defense been aware of Ms. Kelly's conflict, we would have asked the Court to arrange alternate staffing for the trial. *See generally* Guide to Judiciary Policy, Code of Conduct for Judicial Employees, Vol.2, Pt. A, Ch. 3, § 320 – Canon 3 (defining the Court's conflict of interest policy and outlining judicial employees' obligations to disclose conflicts and avoid involvement in matters in which they are conflicted). Indeed, Ms.

August 12, 2024
Page 2
*United States v. Dennis Hairston and Donte Stanley*, BAH-22-140
Filed Under Seal

Kelly opted to request that an alternate CRD take her place during the testimony of a witness from whom she had purchased several cars. Had Ms. Kelly disclosed her conflict, counsel would also have requested that she be sworn and examined regarding her contact with the jury. Ms. Kelly was the sole member of the Court's staff to have regular, unmonitored contact with the jury. Jurors raised concerns with Ms. Kelly about bias and their safety. In response to the latter, Ms. Kelly assured the jurors they were safe. Ms. Kelly's accepted job offer may have impacted, consciously or not, her communications with the jury.

We ask the Court to conduct a hearing pursuant to *Remmer v. United States*, 347 U.S. 227 (1954), regarding Ms. Kelly's failure to disclose her conflict and her communications with the jury. An inquiry into Ms. Kelly's conflict is also proper pursuant to *United States v. Smith*, 919 F.3d 825 (4th Cir. 2019). Such a hearing is proper here because Ms. Kelly's communications were already the subject of litigation in this case, albeit from the perspective of Ms. Kelly's observations of the jurors and their communications with her.[1]

We also ask the Court to make its July 3, 2024, letter and attachments part of the record. We have no objection to the Court placing the materials under seal since they address personnel matters.

Finally, we have shared this letter with counsel for Mr. Stanley and they join in Mr. Hairston's requests.

We thank the Court for its attention this matter.

Sincerely,

/s/

Andrew Szekely
Sasha Garcon
Assistant Federal Public Defenders

---

[1] At this time., Mr. Hairston is not requesting the Court recall jurors to voir dire them regarding their interactions with Ms. Kelly. Such a hearing, however, may be required depending on Ms. Kelly's testimony at the *Remmer/Smith* hearing.